

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007

TOBIAS E. ZIMMERMAN
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

November 30, 2016

**VIA ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Amber Daniels, et al. v. City of New York, et al.
              16-CV-0190 (PKC) (JO)

Your Honor:

       I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent Defendants in the above-referenced matter. Defendants write pursuant to the Court's November 17, 2016 Order to respond to the issues raised in Plaintiffs' letter motion dated November 16, 2016 (docket no. 49). Plaintiffs are seeking a pre-motion conference on a proposed motion to compel information about confidential informants (CI) used during the investigation that resulted in the execution of a search warrant at the apartment where Plaintiffs were staying on July 17, 2014. Defendants respectfully request that Plaintiffs' motion be denied for the reasons set forth herein. Defendants shall be prepared to discuss these issues further at the status conference scheduled for 2:30 p.m. on Tuesday December 6, 2016.

       For a number of reasons, it is difficult to respond to Plaintiffs' motion with any specificity. First, as with Plaintiffs' previous motions to compel, there is no effort to comply with Local Civil Rule 37.1. The Court and the Defendants are therefore forced to evaluate Plaintiffs' demands for discovery without the ability to refer to a specific discovery demand for which an order to compel is sought. It is not even clear that Plaintiffs have formally demanded the information regarding the CIs that they now request leave to seek via lengthy briefing. Furthermore, Plaintiffs' motion is based on a disjointed and unsupported description of facts that has only a passing relationship with reality. Essentially, Plaintiffs' counsel appears to have reviewed the extensive documentation provided during discovery and drawn a number of ill-

informed conclusions that are simply not accurate.[1]  Defendants therefore begin with the legal principle involved: the law enforcement privilege, which protects the information that Plaintiffs purport to seek.

The law enforcement privilege (a/k/a the informer's privilege) "permits the government 'to withhold from disclosure the identity of persons who furnish information of violations of law to officers charges with enforcement of that law.'"  *Goodloe v. City of New York*, 136 F. Supp. 3d 283, 293 (E.D.N.Y. 2015) (quoting *Roviaro v. U.S.*, 353 U.S. 53, 59 (1957)).  *See also In re City of New York*, 607 F.3d 923, 941 (2d Cir. 2010) (the privilege is meant, *inter alia*, "to preserve the confidentiality of sources").  Where the privilege applies, there is a "strong presumption against disclosure."  *Id.* at 945.  To overcome that presumption, Plaintiffs must show:

> (1) that [their] suit is non-frivolous and brought in good faith, (2) that the information sought is not available through other discovery or from other sources, and (3) that the information sought is important to the [their] case. With respect to the importance of the information sought, the Second Circuit [has] held that a "compelling need" is required.

*Goodloe*, 136 F. Supp. at 294 (quoting *In re City of New York*, 607 F.3d at 945) (original brackets omitted).  Assuming, *arguendo*, that Plaintiffs can satisfy the first factor in this case, they would nevertheless be unable to establish the second or third grounds for overcoming the privilege.

First, Plaintiffs cannot establish that the information is only available from the confidential informants themselves.  At this stage, Plaintiffs have not yet taken the depositions of the defendant officers.[2]  Much of the information that Plaintiffs purport to need will most likely be available to them through the depositions.  Moreover, Plaintiffs already have the search warrant affidavit that set forth the grounds upon which the warrant was issued.  That warrant was prepared and signed by Defendant Detective Gladstone.  That document, and their ability to question Detective Gladstone directly, gives them ample means to explore the basis upon which the warrant was sought without invading the confidentiality of NYPD informants.

Second, the additional information Plaintiffs purport to seek is not fundamentally necessary to their case.  The only question germane to the allegations is whether Detective Gladstone was reasonable in relying on the CIs who were used to purchase narcotics from the target location.  Detective Gladstone set forth in the warrant application the basis for his belief that the CI was reliable.  At the very least, the Plaintiffs should question Detective Gladstone regarding the contents of that affidavit before claiming that he acted unreasonably.  Until they have exhausted that avenue, they cannot legitimately claim a "compelling need" for the additional information they claim to need.

---

[1] Defense counsel has cursorily reviewed the full motion papers that Plaintiffs filed without leave (docket nos. 45, 46, and 47), and found them to be no better than the condensed version set forth in Plaintiffs' letter motion.

[2] The parties are in the process of scheduling those depositions with the intent of completing them within the next two weeks.

It should also be noted that there is no reason to believe that many of the documents that Plaintiffs claim to be seeking actually exist. For example, the very first category that Plaintiffs identify in their letter is "CI statement records . . . statements actually written by, adopted by, or recorded from the CI that are in Defendants' possession or that Defendants provided to the DA's Office or court." Ptfs.' Ltr. at 1. Plaintiffs offer no basis for their supposition that such written statements exist; indeed, it is highly unlikely that they do. Plaintiffs also appear to be seeking documents that even they acknowledge are not in the Defendants' possession, custody, or control. Specifically, Plaintiffs demand that the City turn over documents that they believe are in the possession of either the criminal court or the Kings County District Attorney's Office. *See* Ptfs.' Ltr. at 2 (seeking "CI District Attorney's Office Records and CI Criminal Court records").

Similarly, Plaintiffs make a number of factual assertions that are not supported in the record. For example, Plaintiffs claim that they "can already point to existing misrepresentations and/or omissions presented to the issuing magistrate." Ptfs.' Ltr. at 2. However, they do not inform the Court or Defendants what those believed "misrepresentations and/or omissions" are, and there is therefore no way to test the validity of that assertion. Plaintiffs also draw conclusions that have no basis in law, fact, or common sense. For example, they claim that "Defendants ***unreasonably*** failed to use PRBM [Pre-Recorded Buy Money] (such that they could not even attempt to explore whether cash found at Apartment 12B matched money alleged paid to Mr. Wade days earlier by CI-6), [and] failed to send alleged contraband to NYPD lab for testing . . . ." Ptfs' Ltr. at 1 (emphasis added). There is simply no grounds to assert that PRBM should have been used during a controlled-buy conducted days or even weeks prior to the issuance of a warrant. And, as the documents produced clearly demonstrate, the narcotics purchased by the CIs ***were*** sent to the NYPD laboratory. These and numerous other examples show that Plaintiffs' motion is premised on a misunderstanding of the record and unsupported conclusions and assumptions about proper police procedure.

Defendants will be prepared to discuss these issues further at the conference on December 6, 2016. For now, they respectfully request that Plaintiffs' motion be denied.

Defendants thank the Court for its time and attention to this matter.

Respectfully submitted,


Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc: Ryan Lozar, Esq. **(via ECF)**
      *Attorney for Plaintiffs*