

**ZACHARY W. CARTER**
Corporation Counsel

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**TOBIAS E. ZIMMERMAN**
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

December 20, 2016

**VIA ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Amber Daniels, et al. v. City of New York, et al.</u>
              16-CV-0190 (PKC) (JO)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent Defendants in the above-referenced matter. Defendants write to request a two-week extension of time, from Tuesday December 20, 2016 to Wednesday January 4, 2017, to comply with the Court's Order dated December 6, 2016. *See* docket no. 54. Specifically, Defendants seek an extension of time to submit the Confidential Informant (CI) file for *in camera* review and to produce certain additional documents to Plaintiffs. Defendants also seek to clarify the procedures for submitting the CI file for *in camera* review. Plaintiffs' counsel, Ryan Lozar, Esq., indicates that Plaintiffs consent to the requested extension, but asked that Defendants also seek an extension of the overall discovery schedule at the same time. Defendants informed Mr. Lozar that they do not believe that a further extension of discovery is necessary at this time, and such an application would therefore be premature.

      At the conference held on December 6, 2016, the Court directed Defendants to submit the CI file for *in camera* review. The Court's Order was promptly passed on to NYPD, which has been attempting to identify the correct file. However, there has been some confusion generated by the notation used by the investigating officers, which does not match the format used by the section responsible for central recordkeeping on CIs. Our Office and our liaison at NYPD are attempting to clarify the situation, but have been hampered by the fact that the lead detective, (Gladstone, one of the Defendants herein), has been out on medical leave for the past week, and is not expected back until after Christmas. Our efforts to clarify the situation and locate the correct file are ongoing, and we are hopeful that the file will be located swiftly once the we have obtained further information from the investigating officers. However, it is our understanding that the CI in question has been deactivated, and therefore the file in question may have been archived at an NYPD facility in Queens, from which it will need to be retrieved. As a result, and

with the upcoming holidays, the City believes it is prudent to request an additional two weeks to comply with the Court's Order to produce this file for *in camera* inspection. Defendants therefore request an extension of time, to and including January 4, 2017, to locate the correct CI file for the Court's inspection.

Defendants also seek to clarify the procedures the Court is expecting for the *in camera* review. I am informed that in previous cases where *in camera* review of a CI file has been ordered, the original file was hand delivered to the court by a Detective from NYPD, who waited at the courthouse while the court conducted its review, and then personally returned the file to NYPD safekeeping. These procedures are used to avoid making unnecessary copies of highly sensitive materials. NYPD informs me that they are prepared to coordinate with Your Honor's chambers to deliver the CI file for review at a date and time convenient to the Court, and that the delivering Detective will stand by while the Court conducts its review. If this procedure is in accordance with the Court's expectations for the ordered review, Defendants will provide the name and contact information of the Detective who will deliver the file at the time it is located, and will also instruct that individual to contact Your Honor's chambers to coordinate delivery of the file.

Finally, Defendants seek a similar two week extension of time, to January 4, 2017, to complete the production of additional documents to Plaintiffs. At the previous conference, the parties discussed certain documents Plaintiffs were still seeking, including underlying files relating to disciplinary allegations. Both before and after that conference, Plaintiffs demanded additional discovery related to a total of more than fifty separate matters listed on the Defendants' disciplinary histories. Plaintiffs also demanded production of numerous additional memobook entries from non-parties, roll calls from various (at the time unspecified) commands, and other documents. Defendants' counsel promised to work with Plaintiffs' counsel in good faith to make the additional productions, and the Court ordered Defendants to "produce outstanding disclosures" by December 20, 2016.

Following the conference, the parties engaged in further negotiations in an attempt to narrow Plaintiffs' broad requests to a manageable and coherent set of documents both relevant and proportional to the needs of this case, and have made significant progress in that regard. Since the conference, Defendants have produced numerous additional documents totaling over 100 pages. However, there are additional documents that Defendants have agreed to at least examine, if not produce, but which they are still working to locate.

First, Defendants agreed to look into thirty disciplinary matters identified by Plaintiffs. To date, they have either obtained the underlying file, or at least sufficient information about fifteen of those matters to make further determinations on their discoverability. Defendants have produced four disciplinary files, and alerted Plaintiffs that they maintain their objection as to eleven more. Defendants are still seeking additional information regarding the remaining fifteen matters that they agreed to investigate further, and hope to make final decisions on those as soon as the additional materials are located and made available to counsel.

Second, after further negotiations Defendants also agreed to request seven additional memobook entries from four non-party officers, as well as the 84th Precinct Roll Call for July 17, 2014. Plaintiffs agreed to limit their present requests to those documents, while reserving

their right to make additional demands based on information learned during officer depositions, which the parties expect to complete in the next two to three weeks. Defendants are still working on obtaining those memobooks and Roll Call, but expect to receive them soon, at which time they will be promptly produced to Plaintiffs.

In sum, the parties have made progress since the previous conference, and believe that they will be able to complete discovery without further disputes requiring the Court's time and attention. However, despite best efforts, Defendants are still working to collect all of the materials demanded by Plaintiffs that they have agreed to produce, and therefore require additional time to complete that process, particularly given the inevitable delays caused by the holiday season.

For the foregoing reasons, Defendants respectfully request that the Court extend to January 4, 2017, Defendants' time to produce the CI file for *in camera* review, and Defendants' deadline to produce the additional memobooks and Roll Call to Plaintiffs. Defendants further request that the Court endorse the proposed protocol for delivering the original copy of the CI file to the Court for *in camera* review.

Defendants thank the Court for its time and attention to this matter.

Respectfully submitted,

Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc:    Ryan Lozar, Esq. **(via ECF)**
       *Attorney for Plaintiffs*