The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



January 5, 2017

Re:     <u>Daniels, et al. v. City of N.Y., et al.</u>, No. 16 Civ. 190 (PKC) (JO)) (EDNY)

Dear Judge Orenstein:

    I am Plaintiffs' counsel in the above-captioned case. Plaintiffs' motion to compel Defendants' production of CI discovery is under advisement. <u>Docket No. 49</u>.[1] At a related conference, the Court directed Defendants to produce the CI file for <u>in camera</u> review. <u>Docket No. 54</u>.

    I learned moments ago that Defense Counsel submitted for <u>in camera</u> review only those parts of the CI file that he unilaterally deemed relevant.[2] I vigorously object. Just yesterday, Defendants let me know for the first time that the NYPD Lab determined that, for one of the two "positive" controlled buys, the CI gave Defendants a substance that did <u>not</u> test positive as a controlled substance under New York law. Defendants invoked this "positive" buy in their search-warrant application, and also told the magistrate that the material field tested positive.[3]

    I respectfully request that the Court permit me to make a supplemental submission on or before Monday, January 9, 2017, to explain my objection in greater detail. For now, I wanted to quickly get my position posted on the docket because I was not certain what the Court's timing would be in reviewing the CI material and/or ruling on the related motion.

    While I have the Court's attention, I am compelled to ask for its intervention with another problem, which is that Defendants have not produced the materials the Court directed them to on or before December 22, 2016. I consented to the same two-week extension that the Court granted Defendants relative to the CI file, which moved the deadline to January 4, 2017. Tomorrow I will begin deposing Defendants and much of the material remains outstanding.

Sincerely,

*Ryan Lozar*
Ryan Lozar

---

[1] It appears on the docket as a motion for a related pre-motion conference.

[2] I learned this from a copy of the <u>in camera</u> submission's cover letter.

[3] By way of quick summary, the motion at <u>Docket No. 49</u> discusses a great deal of other evidence that Defendants knew or should have known that the CI's positive reports were not reliable, <u>i.e.</u>, Defendants (1) switched to this particular CI after months of negative results with other CIs at Plaintiffs' home; (2) incentivized the CI to falsely report by paying roughly double for a positive report than a negative one, and a bonus when a search warrant was obtained in reliance upon a CI's positive reports; (3) claimed to have used PRBM with the CIs but this was not true; and more.