

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>Corporation Counsel | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **TOBIAS E. ZIMMERMAN**<br>phone: (212) 356-2661<br>fax: (212) 356-3509<br>tzimmerm@law.nyc.gov |

March 16, 2017

**VIA ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Amber Daniels, et al. v. City of New York, et al.
               16-CV-0190 (PKC) (JO)

Your Honor:

     I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent Defendants in the above-referenced matter. Defendants write pursuant to Your Honor's Individual Rules of Practice to respectfully request that the Court schedule a pre-motion conference to address defendants' proposed fully dispositive motion for summary judgment pursuant to Federal Rule of Procedure 56.

     **Factual Background**

     This case arises out of a search warrant that was executed on July 17, 2014, at 192 Sands Street, Apartment 12B in Brooklyn. That apartment is within the Farragut Housing Development operated by the New York City Housing Authority (NYCHA). At that time, Plaintiff Anthony Wade was living there, but was not the authorized tenant listed on the lease. At the time the warrant was executed, Plaintiff Amber Daniels was also staying in the apartment.

     The warrant was obtained by Defendant Detective Jon Gladstone, following an investigation that was commenced in March 2014. The investigation was initiated by a communication from NYCHA forwarding an anonymous complaint of illegal narcotics sales at apartment 12B. Defendant Detective Jon Gladstone was assigned as the lead investigating officer. In late June/early July 2014,[1] members of NYPD's Narcotics Bureau Brooklyn North, including Defendants Detective James Baez and Sergeant Alexandru Anghel conducted a "controlled buy" using a Confidential Informant (CI) with a reliable track record. The CI entered the building at

---

[1] The exact date has been redacted from documents produced in this litigation in order to avoid inadvertently revealing the identity of the Confidential Informant.

192 Sands Street, and returned a short time later with a twist of crack cocaine that he/she alleged to have bought from a male inside of apartment 12B. The substance turned in by the CI field tested positive for crack cocaine. Another controlled buy was conducted by Det. Gladstone and Sgt. Anghel approximately a week later, and the CI reported purchasing more crack cocaine from an occupant of apartment 12B, this time a woman. Once again the purchased material field tested positive as crack cocaine. The CI was shown a photo array and identified Plaintiff Anthony Wade as the seller during the first controlled buy.

On July 14, 2014, Det. Gladstone swore out a four-page warrant in the Criminal Court for the City of New York, County of Kings. In that warrant affidavit, Det. Gladstone set forth the facts of the two positive controlled buys, as well as information establishing the reliability of the CI. That same day the criminal court issued a "no knock" warrant for apartment 12B. On July 16, 2014, Det. Gladstone returned to the Farragut Houses, and conducted a third, "confirmatory" controlled buy at apartment 12B. Once again, the CI returned with material that field tested positive for crack cocaine, stating that he/she had bought it from the male who had conducted the first sale a few weeks earlier.

Detective Gladstone and other members of his unit executed the warrant at approximately 6:00 a.m. on July 17, 2014. Plaintiffs were detained during the search. A small quantity of marijuana was found in the bedroom where both Plaintiffs had been sleeping, and both of them admitted to possessing that contraband. They were both arrested and transported to a local police precinct. The apartment was padlocked, the key to the padlock was vouchered for safekeeping under Anthony Wade's name, and he was given a property receipt. At the precinct, Plaintiff Amber Daniels was issued a summons, while Plaintiff Anthony Wade was given a Desk Appearance Ticket. Both of them were released after approximately 4 hours and 40 minutes in custody. The summons issued to Ms. Daniels was dismissed as "legally insufficient" before she was required to appear. Mr. Wade accepted an Adjournment in Contemplation of Dismissal on the charge filed against him.

## Defendants Are Entitled To Summary Judgment On All Of Plaintiffs' Claims

Plaintiff's filed suit on January 13, 2016, alleging only federal claims. An Amended Complaint was filed on May 23, 2016. Defendants contend that they are entitled to summary judgment on all of the substantive claims in the Amended Complaint.

First, Plaintiffs cannot overcome the presumption of reasonableness arising from the search warrant. Plaintiffs have adduced no evidence from which a reasonable jury could find that Detective Gladstone misrepresented or omitted material information from the warrant affidavit. Second, even though Plaintiffs allege unspecified property damage, they cannot establish that the search was executed in an unreasonable manner. *See United States v. Frank*, No. 93-CR-706 (JBW) (RML), 1996 U.S. Dist. LEXIS 4542, *32–33 (E.D.N.Y.) ("Although officers' actions [in executing a warrant] must of course be 'objectively reasonable in light of the facts and circumstances confronting them' 'it is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant." (quoting *Graham v. Connor*, 490 U.S. 386, 387 (1989) and *Dalia v. United States*, 441 U.S. 238, 257 (1979), respectively)); *see also Cody v. Mello*, 59 F.3d 13, 16 (2d Cir. 1995) ("[i]t

is well recognized that officers executing search warrants on occasion must damage property in order to perform their duty.").

Neither Plaintiff has a viable claim for malicious prosecution. Amber Daniels never had to appear in court to answer the summons, and therefore cannot claim any post-arrest deprivation of liberty. Anthony Daniels accepted an adjournment in contemplation of dismissal, and therefore cannot establish a favorable termination. *See, e.g.*, *Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001).[2]

Plaintiffs also claim that Detective Gladstone fabricated "the location of the alleged marijuana cigarette." However, during discovery, both Plaintiffs admitted that the marijuana was found in the bedroom near where they both were sleeping. This claim actually relates to a mistake on Mr. Wade's arrest report, which listed the charge as Criminal Possession in the Fifth Degree under N.Y. P.L. § 221.10, which requires that the possession have been in a "public place." Detective Gladstone testified that he only noticed that the arrest report had been erroneous entered immediately before Mr. Wade was released on a Desk Appearance Ticket, and that he decided not to correct it at that time because (a) doing so would have significantly delayed Mr. Wade's release, and (b) he knew that the Kings County District Attorney's Office would correct the charge before initiating a formal criminal proceeding. Indeed, the criminal complaint charged Mr. Wade with unlawful possession under N.Y. C.P.L. § 221.05, removing any reference to "public place". In any case, Mr. Wade cannot demonstrate any damages arising out of the error on the arrest report. Thus, no fabrication claim can succeed.

Plaintiff's also allege a Procedural Due Process claim premised on the factually and legally inaccurate assertion that Mr. Wade was a lawful tenant of the apartment. Mr. Wade was illegally residing in a NYCHA apartment that was leased to someone else. Second, the existence of the validly issued warrant defeats any procedural due process claim concerning the search itself. To the extent Plaintiffs are claiming that there was a further violation based on how they were locked out of the apartment following the search, not only does the record plainly contradict them, any such claim would also be barred because Plaintiffs had available administrative remedies through NYCHA. And, finally, insofar as this claim is meant to encompass Mr. Wade's subsequent eviction from the apartment, even if he had standing to complain about being evicted from apartment 12B, he would not be able to establish that the Defendants' actions were the proximate cause of the eviction, which was conducted by NYCHA under its own procedures.

Finally, Plaintiffs' *Monell* claim in the Amended Complaint consists of nothing more than vague boilerplate, and is not even sufficient to inform Defendants as to which particular theory of municipal liability Plaintiffs are actually proceeding under. In any event, Plaintiffs have not adduced any evidence to support a claim directly against the City under any theory of municipal liability.

The Defendant officers further contend that they are entitled to qualified immunity with respect to each and every one of the claims against them.

---

[2] The Amended Complaint contains two identical counts for Malicious Prosecution, but no claim for False Arrest. Plaintiff's appear to have waived any such claim.

For the foregoing reasons, Defendants respectfully request that the Court schedule a pre-motion conference on Defendants' anticipated motion for summary judgment.[3]

Defendants thank the Court for its time and attention to this matter.

                                                Respectfully submitted,

                                                Tobias E. Zimmerman
                                                *Senior Counsel*
                                                Special Federal Litigation Division

cc:      Ryan Lozar (**via ECF**)
          *Attorney for Plaintiffs*

---

[3] Defendants reserve the right to raise different/additional arguments in their actual motion.

- 4 -